IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD NELSON | * | CIVIL ACTION NO. 18-282 |
| | * | |
| Plaintiff, | * | |
| VS. | * | JUDGE SHELLY D. DICL |
| | * | |
| SECRETARY JAMES M. LEBLANC | * | |
| AND OFFICERS JOHN AND | * | MAGISTRATE JUDGE |
| JANE DOES 1-10 | * | ERIN WILDER-DOOMES |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**FIRST AMENDED PETITION FOR INJUNCTIVE RELIEF**

1.  This is an action for prospective relief to halt the unlawful harassment and discrimination that Defendant has committed.

2.  42 U.S.C. § 1983 dictates that "every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

3.  Despite these mandated provisions, the Defendants have violated the Plaintiff's rights by depriving her of rights and privileges.

**PARTIES**

**PLAINTIFF**

4.  **Donald Nelson** (hereinafter "Ms. Nelson"), is a transgender woman of the age of majority and a resident of the State of Louisiana.  Ms. Nelson's preferred name is "China."

## DEFENDANTS

5. **Secretary James M. LeBlanc** (hereinafter "Secretary LeBlanc"), is a natural person and Secretary of the Department of Public Safety & Corrections responsible for depriving Ms. Nelson of her rights and privileges afforded under the United States Constitution.

6. **Officers John and Jane Does**, natural persons who have not been identified by name, but who did unreasonably search Ms. Nelson and deprive her of rights and privileges afforded under the United States Constitution.

## FACTUAL BACKGROUND

7. Ms. Nelson has been on the approved visitor list at the Louisiana State Penitentiary (hereinafter the "Penitentiary") for approximately fourteen (14) years, which allows her to visit her incarcerated brother, offender Timothy Lenoir No. 298168 ("offender Lenoir").

8. On September 10, 2017, Ms. Nelson, along with her mother, Glendoria Ruffin (hereinafter "Ms. Ruffin"), and brother, Cornelious Lenior (hereinafter "Mr. Cornelious Lenior") traveled to the Penitentiary to visit her incarcerated brother as they had done for the preceding fourteen (14) years.

9. In order to enter the Penitentiary, Ms. Nelson walked through the SecurePass machine as instructed.

10. However, Ms. Nelson was stopped from proceeding into the Penitentiary because the SecurePass machine allegedly detected an "unknown object" in her pants.

11. When an unknown guard stated that she saw "something" in Ms. Nelson's pants, Ms. Nelson acknowledged that she was born a male as indicated on her driver's license in an effort to explain the "something" the guard stated she saw.

12. However, two unknown guards then escorted Ms. Nelson to a men's restroom where she was instructed to remove her pants and underwear.

13. When Ms. Nelson refused to do so and expressed a desire to leave the Penitentiary, an unknown supervisor was called who then escorted Ms. Nelson to a separate room.

14. There, Ms. Nelson was instructed for a second time to remove her pants and underwear. Ms. Nelson again refused, stating that she would elect to forego the visit and wait in her vehicle while her mother and brother proceeded to visit offender Lenoir.

15. After Ms. Nelson reached her car, the supervisor and approximately nine other unknown guards insisted on "shaking down" the vehicle and demanded that Ms. Nelson would have to reveal her genitalia before being permitted to leave the premises.

16. Ms. Nelson consented to the vehicle being "shook down" but again refused to remove her pants and underwear.

17. By this time, Ms. Ruffin and Mr. Cornelious Lenior had also arrived at the vehicle and inquired what was happening.

18. The party was subsequently informed that all of their visitations would be cancelled for that day.

19. Leslie Dupont, Deputy Warden of Security, then sent a letter on behalf of Secretary LeBlanc individually to Ms. Nelson and Ms. Ruffin dated September 11, 2017 informing them that they had been removed from the approved visiting list of offender Lenoir for a period of six (6) months.

20. The letters also did not guarantee that their ability to visit offender Lenoir would be reinstated after the six (6) month period.

## JURISDICTION AND VENUE

21. This case presents a federal question arising under 42 U.S.C. § 1983 of the United States. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

22. Venue is proper because the discrimination occurred in this District.

## COUNT I: DEPRIVATION OF PRIVILEGE TO VISIT THE LOUISIANA STATE PENITENTIARY

23. Paragraphs 1 – 22 above are restated as if fully incorporated herein.

24. 42 U.S.C. § 1983 dictates that "every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

25. Visitation restrictions are a violation of the Constitution when they have no reasonable relationship to a legitimate penological goal.

26. Plaintiff here was restricted from visiting Mr. Timothy Lenoir on the sole basis that she refused to consent to an unreasonable strip search revealing her genitalia.

27. The attempted strip-search is not a legitimate penological goal and an unreasonable basis to deny Plaintiff visitation of her brother, Mr. Timothy Lenoir.

28. Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive Plaintiff of her Constitutional Rights. As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants for this unreasonable search.

## COUNT II: UNREASONABLE SEARCH AND SEIZURE

29. Paragraphs 1 – 28 above are restated as if fully incorporated herein.

30. Defendants were acting under the color of state law when they wrongfully and without probable cause insisted upon strip searching Plaintiff.

31. Defendants' actions were objectively unreasonable.

32. Defendants' actions violated Plaintiff's Fourth Amendment rights to be secure in her person from unreasonable search and seizures.

33. Defendants acted willfully, knowingly, and purposefully and/or with deliberate indifference to deprive Plaintiff of her Constitutional Rights.  As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants for this unreasonable search.

### COUNT III: VIOLATION OF DEPARTMENT REGULATION NO. C-02-008

34. Paragraphs 1 – 33 above are restated as if fully incorporated herein.

35. Department Regulation No. C-02-008 paragraph 7, as enacted September 20, 2015, states that "there shall be no discriminating in visiting.  All visitors and offenders shall be provided equal opportunities in visiting in accordance with the offender's security classification and housing assignment.  Visitors shall be treated with courtesy at all times and shall not be subjected to unnecessary delay or inconvenience in accomplishing a visit."

36. Plaintiff alleges that she was denied visitation on the basis that she is a transgender woman.

37. Additionally, the attempted strip search revealing her genitalia is an "unnecessary delay and inconvenience."

### JURY TRIAL REQUEST

38. Plaintiff hereby notifies the Court and Defendants of her intent to seek a trial by jury in this matter.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

a. Appropriate injunctive relief, including but not limited to an order lifting the restriction preventing Donald Nelson from visiting offender Timothy Lenoir No. 298168 and restraining Defendant from engaging in further discriminatory conduct of the types alleged in this complaint;

b. Attorney's fees and costs of this action; and

c. Any such further relief as the Court deems appropriate.

DATED: May 20, 2018

RESPECTFULLY SUBMITTED,

/s/ Galen M. Hair
Galen M. Hair, T.A., LSBA No. 32865
**SCOTT, VICKNAIR,
HAIR & CHECKI, LLC**
909 Poydras Street, Suite 1100
New Orleans, LA 70112
T: (504) 684-5200
F: (504) 613-6351

*and*

*/s/* Joshua L. Holmes
Joshua L Holmes, LSBA No. 32162
CrescentCare Legal Services
2601 Tulane Avenue, Suite 630
New Orleans, LA 70119
joshua.holmes@crescentcarehealth.org
Phone: (504) 568-1631 x792
Facsimile: (504) 301-1357
*Attorneys for Plaintiff*