IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD NELSON | * | CIVIL ACTION NO. 18-282 |
| | * | |
| Plaintiff, | * | |
| VS. | * | JUDGE SHELLY D. DICK |
| | * | |
| LOUISIANA DEPARTMENT OF PUBLIC | * | |
| SAFETY AND CORRECTIONS, ET AL. | * | MAGISTRATE JUDGE |
| | * | ERIN WILDER-DOOMES |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Donald Nelson ("Plaintiff" or "Ms. Nelson"), who respectfully files this Memorandum in Opposition to James M. LeBlanc's ("Defendant" or "Secretary LeBlanc") Motion to Stay Discovery, as follows:

**I.    FACTS AND PROCEDURAL HISTORY**

Ms. Nelson is a transgender woman and has been on the approved visitor list at the Louisiana State Penitentiary ("Angola") for approximately fourteen years. Through that fourteen-year period Ms. Nelson regularly visited her incarcerated brother, offender Timothy Lenoir, without incident. However, on September 10, 2017, Ms. Nelson was prevented from entering LSP because the SecurePass machine through which she walked allegedly detected an "unknown object" in her pants. In an attempt to explain the "unknown object," Ms. Nelson acknowledged that she was born a male as indicated on her driver's license. Unsatisfied with that response, two male guards then escorted her to a men's restroom where she was instructed to remove her pants and underwear. When Ms. Nelson refused to do so and expressed a desire to leave LSP, a

supervisor was called who then escorted her to a separate room. There, she was instructed for a second time to remove her clothing and, for a second time, refused to do so. Ms. Nelson stated that she would forego the visit and wait in her vehicle while her family members proceeded to visit offender Lenoir.

Then, when Ms. Nelson reached her vehicle, the supervisor and approximately nine other guards insisted on "shaking down" it down and demanded that she reveal her genitalia before allowing her to leave the premises. Although she consented to the vehicle being searched, she refused to remove her clothing for a third time. Ultimately, Ms. Nelson as well as her mother Ms. Glendoria Ruffin each received a letter dated September 11, 2017 informing them that they had been removed from the approved visitor list of offender Lenoir.

## II. LAW AND ARGUMENT

### a. The Presumptive Rules is that Discovery Shall Proceed Notwithstanding the Filing of a Motion to Dismiss

Under Federal Rule of Civil Procedure 26, the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss.[1] Although Fed. R. Civ. P. Rule 26(c) does allow a party to seek a protective order staying discovery, "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[2] Consistent with that principal, the Northern District of Texas has articulated that "while discovery may be stayed pending the

---

[1] *See* Fed. R. Civ. P. 26 (no automatic stay imposed upon a filing of motion to dismiss; rather, the parties are directed to confer on a discovery schedule "as soon as practicable").
[2] Fed. R. Civ. P. 26(c)(1)(D); *Hope Medical Group for Women v. LeBlanc*, No. 06-9176, 2007 WL 1235445, at *2 (E.D. La. Apr. 26, 2007) (citing *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)).

outcome of a motion to dismiss, 'the issuance of [a] stay is by no means automatic.'"[3] If the Federal Rules directly intended a motion to dismiss to stay discovery, it would have directly contained such a provision.[4] There, the Court was not swayed by the defendant's belief that it would prevail on a motion to dismiss.[5] Similarly, other circuits have held that a "stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive . . . rendering discovery a mere futile exercise."[6] After a brief analysis of the merits of the pending dismissal motion, the court in *S. Motors Chevrolet* held that "while not wholly insubstantial," defendant's motion was "no slam-dunk, nor so likely to be granted that it warrants the requested discovery."[7]

Here, Secretary LeBlanc has failed to meet its threshold burden of showing that the Motion to Dismiss is "clearly meritorious." Defendant's conjectures that the Motion will be case dispositive and renders discovery in this action futile are wholly speculative and do not satisfy the standards it must meet the justify the relief sought. His three-sentence argument bases the request solely on the perceived strength of the Motion to Dismiss. Like the *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.* case, this Court should not be swayed by Secretary LeBlanc's mere belief in the strength of his motion.

Substantively, however, Ms. Nelson has shown why Secretary LeBlanc should himself be stripped of the qualified immunity he asserts. As stated in the foregoing *Opposition to Motion to*

---

[3] *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 08-0774, 2008 WL 2930482, at *1 (N.D. Tx. Jul. 23, 2008) (citing Spencer Trash Software and Info. Servs., LLC v. RPost Int'l, Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).
[4] *Id.* (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990)).
[5] *Id.*
[66] *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. 414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (citing *Alexander v. Allen*, No. 13-885, 2014 WL 3887476, at *2 (M.D. Fla. Aug. 7, 2014)).
[7] Id. at *2-3.

*Dismiss*, defendants themselves admit that the qualified immunity defense only provides protection if the official's "conduct does not violate clearly established statutory or constitutional rights."[8]  Therefore, a plaintiff may strip a government official defendant of his or her alleged qualified immunity defense by alleging facts that the official violated the plaintiff's rights, which Ms. Nelson has done here.  Secretary LeBlanc, as the head of the Louisiana Department of Public Safety and Corrections, is responsible for making the policies and procedures the guards followed when making the decision to strip search Ms. Nelson.  The actions of Secretary LeBlanc's subordinates in carrying out such policies directly implicate him and create liability for him, making him a properly named defendant.  Accordingly, Defendant's claim to qualified immunity is by no means guaranteed.

### III.    CONCLUSION

Wherefore, Plaintiff, China Nelson, respectfully prays that the Defendant's Motion to Stay Discovery be denied.

RESPECTFULLY SUBMITTED,

/s/ John E. Bicknell, Jr.
Galen M. Hair, T.A., LSBA No. 32865
John E. Bicknell, Jr., LSBA No. 36802
**SCOTT, VICKNAIR,
HAIR & CHECKI, LLC**
909 Poydras Street, Suite 1100
New Orleans, LA 70112
T: (504) 684-5200
F: (504) 613-6351

---

[8] *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982).

**CERTIFICATE OF SERVICE**

  I, undersigned counsel, do certify that I have on this 8th day of November, 2018, electronically filed a copy of the above and foregoing with the Clerk of Court using the Court's CM/ECF system, which will automatically generate a notice of filing and same to all enrolled counsel of record.

        /s/ John E. Bicknell, Jr.
        John E. Bicknell, Jr.