UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD NELSON                                          CIVIL ACTION NO.

VERSUS                                                 18-282-SDD-EWD

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
ET AL

## RULING AND ORDER

Before the Court[1] is a Motion to Stay Discovery (the "Motion to Stay"),[2] filed by Defendant James M. LeBlanc ("LeBlanc"). The Motion is opposed[3] by Plaintiff China (Donald) Nelson[4] ("Plaintiff"). For the reasons that follow, the Motion to Stay is granted. Discovery in this matter is stayed pending resolution of the issues raised in the pending Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive Relief.[5]

**I.    Background**

    A.  Plaintiff's Claims[6]

Plaintiff is a transgender woman who has been on the approved visitor list at the Louisiana State Penitentiary ("Angola") for approximately fourteen years. During that period, Plaintiff regularly visited her incarcerated brother, Timothy Lenoir ("Lenoir").[7] However, on September

---

[1] A magistrate judge may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). Moreover, as this motion is not one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See Wilson v. Sharp,* No. 17-84, 2017 WL 4685002 (M.D. La. Oct. 18, 2017) at *1, n. 3 (granting motion to stay discovery) *citing Boyd v. Occidental Fire & Casualty Co. of North Carolina*, No. 10-0672, 2011 WL 4062383 at *1, n. 1 (M.D. La. Sept. 13, 2011).
[2] R. Doc. 27.
[3] R. Doc. 31.
[4] While the case caption describes Plaintiff's name as "Donald Nelson," Plaintiff's preferred name is "China." R. Doc. 11, ¶ 4.
[5] R. Doc. 26.
[6] The operative facts recited herein are according to Plaintiff's allegations, but they do not appear to be disputed by LeBlanc.
[7] R. Doc. 11, ¶ 7.

10, 2017, Plaintiff was prevented from entering Angola when the "SecurePass" machine through which she walked detected an "unknown object" in her pants.[8] Plaintiff advised the Angola guards that she was born male, as indicated on her driver's license, in order to explain the "unknown object" detected by the machine, *i.e.*, her male genitalia.[9] Nevertheless, the guards escorted Plaintiff into the restroom and instructed her to remove her clothing. Plaintiff refused and was then escorted into another room and instructed to remove her clothing. Plaintiff again refused to remove her clothing and stated she would forgo the visit. Plaintiff returned to her car to wait for the family members who had accompanied her.[10] While at the car, several guards again instructed Plaintiff to remove her clothing so that the guards could conduct a search. Plaintiff refused to remove her clothing for the third time but ultimately consented to a search of her car.[11] Plaintiff's family members arrived at the car and were advised that their visit was cancelled.[12] Thereafter, Plaintiff and her mother each received a letter dated September 11, 2017 from Deputy Warden Leslie Dupont on behalf of LeBlanc. The letters advised Plaintiff and her mother that they were removed from Lenoir's approved visitor list for six months.[13]

On March 13, 2018, Plaintiff filed her original Complaint in this Court against the Louisiana Department of Public Safety and Corrections ("the Department"), "Officers John and Jane Does," as the unknown officers who searched Plaintiff, and "ABC & XYZ Insurance Companies" as defendants' insurance carriers. Plaintiff brings claims under 42 U.S.C. § 1983, alleging that her Constitutional rights were violated when she was deprived of the privilege of visiting her brother incarcerated at Angola because she refused to consent to an unreasonable strip

---

[8] R. Doc. 11, ¶¶ 9-10.
[9] R. Doc. 11, ¶ 11.
[10] R. Doc. 11, ¶¶ 12-14.
[11] R. Doc. 11, ¶¶ 15-16.
[12] R. Doc. 11, ¶¶ 17-18.
[13] R. Doc. 11, ¶ 19.

2

search and that her Fourth Amendment rights[14] were violated when she was subjected to unreasonable searches and seizures. Plaintiff's original Complaint also included state law claims alleging that she was denied visitation on the basis that she is a transgender woman in violation of "Department Regulation No. C-02-008, paragraph 7"[15] and for Defendants' negligent and reckless actions in that the individual Defendants were not properly trained, supervised, or disciplined, and in that the Department failed to adopt and enforce appropriate polices and procedures, negligently hired the individual Defendants, and failed to take reasonable measures to ensure visitors were protected from unlawful searches and seizures.[16] In connection with these claims, Plaintiff seeks compensatory damages for pain, suffering, and emotional distress, punitive damages, costs, interest, and attorney's fees, as well as injunctive relief.[17]

On April 30, 2018, the Department filed its Motion to Dismiss Plaintiff's original Complaint.[18] Therein, the Department asserted that this Court lacked subject matter jurisdiction to hear any claims against the Department in its official capacity because it was immune from suit pursuant to the Eleventh Amendment[19] and all such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[20] Alternatively, the Department alleged that Plaintiff failed to state a claim against the Department because State agencies such as the Department are not "persons" within

---

[14] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
[15] Plaintiff alleges that this Department regulation provides: "there shall be no discriminating in visiting. All visitors and offenders shall be provided equal opportunities in visiting in accordance with the offender's security classification and housing assignment. Visitors shall be treated with courtesy at all times and shall not be subjected to unnecessary delay or inconvenience in accomplishing a visit." R. Doc. 1, ¶ 37.
[16] R. Doc. 1, ¶¶ 26-41.
[17] R. Doc. 1, ¶¶ 30, 35, 42-43 and prayer for relief.
[18] R. Doc. 7.
[19] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
[20] R. Doc. 7, ¶ I.

3

the meaning of 42 U.S.C. §1983 and thus all such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[21]

In response, Plaintiff filed her Opposition to the Motion to Dismiss[22] and sought leave to file her First Amended Complaint for Injunctive Relief ("Amended Complaint"),[23] which is currently the operative Complaint in this matter. The Amended Complaint deleted all claims against the Department and the unnamed insurance companies,[24] and instead asserted claims against the newly-added LeBlanc (and the unknown officers).[25] Furthermore, it removed Plaintiff's state law negligence claim and claims for compensatory damages, but retained Plaintiff's claims for punitive damages and injunctive relief based on the alleged deprivation of Plaintiff's rights under 42 U.S.C. § 1983, the Fourth Amendment, and/or Department Regulation No. C-02-008.[26]

B. Arguments of the Parties

On October 18, 2018, LeBlanc filed his Motion to Dismiss the Amended Complaint for Injunctive Relief ("Motion to Dismiss") and the instant Motion to Stay.[27] The Motion to Dismiss asserts that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) to hear Plaintiff's claims for reinstatement of her visiting privileges because the claim is not ripe, as Plaintiff failed to seek an appeal with the Secretary of the Department, and/or Plaintiff lacks standing to seek reinstatement because Department Regulation No. C-02-008 Section 20(C)(3) provides that reinstatement of visitor privileges must be sought by written request of the offender,

---

[21] R. Doc. 7, ¶ II.
[22] R. Doc. 8.
[23] R. Doc. 11.
[24] Accordingly, and upon Order of the Court, the Department withdrew its Motion to Dismiss. R. Docs. 12, 15, and 18.
[25] R. Doc. 11, ¶¶ 5-6.
[26] R. Doc. 11, ¶¶ 23-37 and prayer for relief.
[27] R. Docs. 26-27.

*i.e.*, Lenoir, who has not submitted such a request.[28] The Motion to Dismiss also asserts that Plaintiff has failed to state a claim against LeBlanc for supervisory liability in his personal capacity "because supervisors cannot be held liable for their subordinates' acts under § 1983;"[29] for injunctive relief because the requests for searches were not unreasonable and had legitimate penological goals;[30] and because LeBlanc is entitled to qualified immunity under both prongs of the two-step qualified immunity analysis.[31]

Concomitantly, LeBlanc's Motion to Stay asserts that LeBlanc should not be subjected to discovery until the issue of whether he is entitled to qualified immunity is resolved, relying on the Fifth Circuit's *Lion Boulos v. Wilson* holding that "[a] defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery."[32]

In Opposition to the Motion to Stay, Plaintiff contends that LeBlanc is not automatically entitled to a stay of discovery because of his pending Motion to Dismiss. Rather, to obtain a Fed. R. Civ. P. 26(c) protective order staying discovery, LeBlanc must show "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished form stereotyped and conclusory statements."[33] Plaintiff also relies on out-of-circuit authority for the proposition that a stay should be granted only when a motion to dismiss appears "clearly meritorious and truly case dispositive…rendering discovery a mere futile exercise."[34] According

---

[28] R. Doc. 26-1, pp. 6-7.
[29] R. Doc. 26-1, p. 7.
[30] R. Doc. 26-1, p. 11.
[31] R. Doc. 26-1, pp. 12-14 and *citing Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (other citations omitted).
[32] R. Doc. 27-1, p. 2 *citing* 834 F.2d 504, 507 (5th Cir. 1987) (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 817-18, (1982)).
[33] R. Doc. 31, p. 2 *citing* Fed. R. Civ. P. 26(c)(1)(D) and *Hope Medical Group for Women v. LeBlanc*, No. 06-9176, 2007 WL 1235445 at *2 (E.D. La. Apr. 26, 2007) (*citing In re Terra Intern., Inc*., 134 F.3d 302, 306 (5th Cir. 1998)).
[34] R. Doc. 31, p. 3 *citing Southern Motors Chevrolet, Inc. v. General Motors, LLC*, No. 414-152, 2014 WL 5644089 at *1 (S.D. Ga. Nov. 4, 2014)(internal citations omitted).

to Plaintiff, LeBlanc has not shown that his Motion to Dismiss is "clearly meritorious" and instead has only offered speculation that the Motion to Dismiss will dispose of this matter, which the Court should reject as his mere belief as did the Northern District of Texas in *Glazer's Wholesale Drug. Co., Inc. v. Klein Foods, Inc.*[35]

Plaintiff also asserts that, substantively, LeBlanc is not entitled to qualified immunity because Plaintiff has alleged sufficient facts to show that LeBlanc violated her rights in that LeBlanc is responsible for making the policies and procedures the guards followed when they attempted to search Plaintiff and the guards' actions carrying out such policies "directly implicate [LeBlanc] and create liability for him…."[36] For this reason, Plaintiff avers that LeBlanc is not guaranteed to have qualified immunity and the Motion to Stay should be denied.

## II. Law and Analysis

Fed. R. Civ. P. 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[37] Fed. R. Civ. P. 26(c)(1)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[38] "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[39]

---

[35] R. Doc. 31, p. 3 *citing Glazer's Wholesale Drug Co, Inc. v. Klein Foods, Inc.*, No. 08-0774, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008).
[36] R. Doc. 31, pp. 3-4.
[37] *June Medical Services, LLC v. Gee*, No. 17-404, 2018 WL 357874 at *2 (M.D. La. Jan. 10, 2018) *citing In re Terra Intern., Inc.*, 134 F.3d at 306 (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).
[38] *In re Terra Intern., Inc.*, 134 F.3d at 306.
[39] *June Medical Services,* 2018 WL 357874, at *2 (*quoting Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

LeBlanc, the only active Defendant in this case,[40] alleges that good cause exists to enter a stay of discovery due to his pending Motion to Dismiss, which raises a threshold issue and preliminary question that could dispose of the case, *i.e.*, whether he is entitled to qualified immunity. "Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[41] "[Q]ualified immunity constitutes an '*immunity from suit* rather than a mere defense to liability.'"[42] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[43]

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[44] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[45] Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[46] "If the complaint alleges facts to

---

[40] As mentioned, Plaintiff's Amended Complaint deleted all claims against the Department and the "Officer John and Jane Does" have never been identified.
[41] *Randle v. Lockwood*, 666 Fed. App'x. 333, 335 (5th Cir. 2016) (internal citations omitted).
[42] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (emphasis in original).
[43] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (internal citations omitted).
[44] *Lion Boulos*, 834 F.2d 504 at 507.
[45] *Wilson,* 2017 WL 4685002 at *2, (*citing Lion Boulos*, 834 F.2d at 507-08).
[46] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995) (internal citations omitted). *See also Baker v. Ephion*, No. 15-838, 2017 WL 3996415 at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would

overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[47]

Accordingly, Fifth Circuit precedent permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is only allowed if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted.

Citing out-of-circuit authority, Plaintiff alleges that discovery should proceed because LeBlanc has not shown that his pending Motion to Dismiss will be "clearly meritorious."[48] However, the foregoing Fifth Circuit precedent makes clear that, before *any* discovery can proceed against a defendant asserting qualified immunity, the Court must first determine if Plaintiff has alleged sufficient facts to overcome the qualified immunity defense. The Court's required finding

---

overcome the defense of qualified immunity.'") (*citing Wicks*); *Lee v. Ard*, No. 17-23, 2017 WL 5349493 at * 7 (M.D. La. Nov. 13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).
[47] 41 F.3d at 995. *See also Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (*citing Lion Boulos*, 834 F.2d at 507-08); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle*, 666 Fed. App'x. 336, n. 6 (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible" is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity," and second, finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.).
[48] R. Doc. 31, pp. 2-3 *citing Southern Motors Chevrolet, Inc.,* 2014 WL 5644089 at *1, which is not controlling.

8

on this issue will necessarily address Plaintiff's second argument in opposition to a stay, which is that a stay should not be entered because Plaintiff has alleged sufficient facts to show that LeBlanc violated her rights and thus LeBlanc is not entitled to qualified immunity.[49]

Furthermore, Plaintiff's authority is distinguishable. Plaintiff urges the Court to follow the North District of Texas's *Glazer's Wholesale Drug. Co., Inc*. decision, which denied a stay that was premised on the defendant's belief in the merits of its pending Motion to Dismiss.[50] However, *Glazer's Wholesale Drug. Co., Inc*. involved private (*i.e*., non-governmental) litigants[51] and did not involve a pending motion to dismiss raising a qualified immunity defense.[52]

In summary, LeBlanc has raised a qualified immunity defense in his Motion to Dismiss, which is currently pending before the district judge. Fifth Circuit precedent supports the issuance of a stay as to LeBlanc pending a resolution of the Motion to Dismiss and Plaintiff has not argued that a stay of discovery to permit resolution of the qualified immunity issue will prejudice her in any way. The Court finds that LeBlanc has shown good cause for the imposition of a stay of discovery pending resolution of his Motion to Dismiss.

## III. Conclusion

Accordingly, for the reasons set forth herein, the Motion To Stay Discovery[53] filed by Defendant James LeBlanc is **GRANTED.**

---

[49] R. Doc. 31, pp. 3-4.
[50] *Glazer's Wholesale Drug Co.,* 2008 WL 2930482 at *1.
[51] The plaintiffs were wine distributors and the moving defendant was a wine producer. No. 08-774 (N.D. Tex. July 18, 2008), R. Doc. 17, p. 1.
[52] The moving defendant sought dismissal of the plaintiffs' claims on procedural grounds such as the expiration of the statute of frauds, among other grounds not applicable here. No. 08-774 (N.D. Tex. July 18, 2008), *see* R. Doc. 16 and R. Doc. 17, pp. 5-6.
[53] R. Doc. 27.

**IT IS HEREBY ORDERED** that discovery in this matter is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[54] A scheduling conference will be reset, if necessary, following resolution of the Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] R. Doc. 26.