# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD NELSON | CIVIL ACTION |
| VERSUS | 18-282-SDD-EWD |
| SECRETARY JAMES M. LEBLANC AND OFFICERS JOHN AND JANE DOES 1-10 | |

**RULING**

Before the Court is the *Rule 12(b)(1) & Rule 12(b)(6) Motion to Dismiss*[1] filed by Defendant James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("Secretary LeBlanc"). Plaintiff, Donald Nelson ("Nelson") filed an *Opposition*.[2] For the reasons that follow, the *Motion* is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2017, Plaintiff Donald Nelson traveled to the Louisiana State Penitentiary (LSP) to visit her incarcerated brother, Timothy Lenoir.[3] Nelson alleges that she has been on the approved visitor list at LSP for about fourteen years. On that particular day, she was accompanied by her mother and brother. Visitors to LSP are required to walk through a SecurePass machine as part of the security screening upon entrance. Nelson alleges that she walked through the machine as instructed but that she "was stopped from proceeding into the Penitentiary because the SecurePass machine allegedly detected an 'unknown object' in her pants."[4] In an attempt to explain the nature

---

[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 30.
[3] Donald Nelson is a transgender woman (See Rec. Doc. No. 9-2, p. 1, ¶ 4); the Court will use feminine pronouns when referring to her throughout this *Ruling*.
[4] Rec. Doc. No. 9-2, p. 2.

53087

of the "unknown object," Nelson allegedly told the LSP personnel that "she was born a male as indicated on her driver's license."[5] Two guards then allegedly escorted her to a men's restroom and instructed her to remove her pants and underwear. She refused and asked to leave the premises. At that point, a supervisor was called and reiterated the request for Nelson to remove her pants and underwear. Nelson again refused, proceeding back to her car. She alleges that "the supervisor and approximately nine other unknown guards" followed her there and "demanded that [she] would have to reveal her genitalia before being permitted to leave the premises."[6] Nelson allowed the prison personnel to search her car but again, refused to remove her pants and underwear. When her mother and brother arrived at the car, "the party was subsequently informed that all of their visitations would be cancelled for that day."[7] The next day, September 11, 2017, Nelson received a letter from the Deputy Warden of Security at LSP, informing her that she "had been removed from the approved visiting list of offender Lenoir for a period of six (6) months."[8]

Nelson brings this action pursuant to 42 U.S.C. § 1983, alleging that the above-described actions amounted to a violation of her Fourth Amendment right "to be secure in her person from unreasonable search and seizures."[9] Nelson's original *Complaint* named as a Defendant the Louisiana Department of Public Safety & Corrections.[10] After the Department filed a *Motion to Dismiss*,[11] Nelson filed an *Amended Complaint* removing

---

[5] Rec. Doc. No. 9-2, p. 2.
[6] Rec. Doc. No. 9-2, p. 3.
[7] Rec. Doc. No. 9-2, p. 3.
[8] Rec. Doc. No. 9-2, p. 3.
[9] Rec. Doc. No. 9-2, p. 5.
[10] Rec. Doc. No. 1.
[11] Rec. Doc. No. 7.
53087

the Department as a Defendant and naming instead Secretary James M. LeBlanc. Secretary LeBlanc now urges this *Motion to Dismiss*, arguing that this Court lacks jurisdiction to hear Nelson's claims and/or that Nelson has failed to state a cognizable claim against him.[12]

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

1. <u>Rule 12(b)(1)</u>

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[13] If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "'the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6).'"[14] The reason for this rule is to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'"[15]

"Article III standing is a jurisdictional prerequisite."[16] If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim, and dismissal

---

[12] Rec. Doc. No. 26, p. 1.
[13] *Crenshaw–Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011)(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); see also *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir.2011); Fed. R .Civ. P. 12(h)(3)).
[14] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).
[15] *Id.* (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and *Ramming*, 281 F.3d at 161).
[16] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (citing *Steel Co.*, 523 U.S. at 101, and *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)).
53087

under Rule 12(b)(1) is appropriate.[17] The party seeking to invoke federal jurisdiction bears the burden of showing that standing existed at the time the lawsuit was filed.[18] In reviewing a motion under 12(b)(1) for lack of subject matter jurisdiction, a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[19]

   2. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[20] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[21] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[22] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[17] *Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997).
[18] *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Ramming*, 281 F.3d at 161.
[19] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[21] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[22] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

53087

of the elements of a cause of action will not do."[23] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[24] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[26] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[27] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[28]

### B. 12(b)(1): Whether this Court has Jurisdiction over Nelson's Claims

In her *Complaint*, Nelson prays for "appropriate injunctive relief, including but not limited to an order lifting the restriction preventing Donald Nelson from visiting offender Timothy Lenoir and restraining Defendant from engaging in further discriminatory conduct. . ."[29] Secretary LeBlanc argues that this Court lacks subject matter jurisdiction to hear Nelson's claims for reinstatement of her visiting privileges because the claim is not ripe, as Nelson failed to seek an appeal with the Secretary of the Department as required by Department regulations. This argument converges to some extent with

---

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[25] *Twombly*, 550 U.S. at 570.
[26] *Iqbal*, 556 U.S. at 678.
[27] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[28] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[29] Rec. Doc. No. 9-2, p. 7.

53087

Secretary LeBlanc's contention that Nelson lacks standing because Department Regulation No. C-02-008 Section 20(C)(3) provides that reinstatement of visitor privileges must be sought by written request of the offender, i.e., Lenoir, who has not submitted such a request. The Court will address the ripeness and standing arguments separately.

### i. Ripeness

Ripeness is "a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."[30] It generally incorporates consideration of two elements: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."[31]

Secretary LeBlanc's ripeness argument is sparse; he simply cites to Department Regulation No. C-02-008, Section 20(C)(3), which provides that reinstatement of visiting privileges "may only be considered upon written request from the offender following the procedures detailed in . . .this regulation."[32] The Court infers that it is Secretary LeBlanc's position that because there has been no written request for reinstatement of Nelson's visiting privileges, her claim is not yet ripe, because it could still be redressed via the promulgated Department regulations. Nelson disagrees, noting that her claim is a "purely

---

[30] Nat'l Park Hospitality Ass'n v. U.S. Dep't of Interior, 538 U.S. 803, 807–08, 123 S.Ct. 2026, 2030, 155 L.Ed.2d 1017 (2003) (internal quotation marks omitted).
[31] *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808, 123 S.Ct. 2026 (citing to *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).
[32] Rec. Doc. No. 26-4, p. 18.
53087

legal" one, namely, that her "visitation restrictions are a violation of 42 U.S.C. § 1983."[33] Therefore, she argues, "there is no further factual development that must occur before this Court would be in a posture to handle this case."[34] In her view, this case is ripe for decision because the visiting prohibition is "the direct result of concrete action taken against [her]"[35] and, "every day that she is barred from visiting Angola is an 'immediately adverse consequence.'"[36]

The Court agrees with Nelson. Ripeness doctrine exists to prevent courts from taking up matters that involve "too remote and abstract an inquiry for the proper exercise of judicial function."[37] Secretary LeBlanc cites no authority for the proposition that Nelson's § 1983 claim is unripe because her brother failed to submit a written request for reinstatement of her visiting privileges. It is true that the Prison Litigation Reform Act (PLRA), which governs prison litigation in federal courts, requires prisoners to exhaust their administrative remedies before seeking judicial review, but the PLRA applies on its face to lawsuits "by a prisoner confined in any jail, prison, or other correctional facility."[38] Nelson is not a prisoner. Even if she were subject to PLRA's exhaustion requirements, federal courts have found that failure to exhaust does not necessarily foreclose a claim under Section 1983. The United States Second Circuit Court of Appeals in *Roach v. Morse* noted that, "[b]ecause § 1983 is intended to provide a federal forum . . . there will almost always be some sort of administrative or judicial avenue of relief at state law—

---

[33] Rec. Doc. No. 30, p. 3.
[34] *Id.*
[35] *Id.*
[36] Rec. Doc. No. 30, p. 3.
[37] *Texas v. U.S.* 523 U.S. 296, 301 (1954).
[38] 42 U.S.C.A. § 1997e.
53087

whether compelled by federal statute or simply available under general state court jurisdiction."³⁹ Applying that observation in the context of *Planned Parenthood Gulf Coast, Inc. v. Kliebert,* this Court concluded that the existence of state administrative review procedures "rarely, if ever, implies that either § 1983 plaintiffs need exhaust them or a case is unripe when the process has not been invoked but an injury plainly looms."⁴⁰

Overall, the Court finds a lack of support for Secretary LeBlanc's contention that Nelson's claim is unripe. After reviewing the parties' arguments and the applicable law, the Court finds that adjudication by this court would not be premature. Therefore, the 12(b)(1) motion to dismiss is DENIED with respect to ripeness.

## ii. Standing

Secretary LeBlanc also argues that Nelson's claims should be dismissed because she lacks standing. It is true, as Secretary LeBlanc points out, that a request for reinstatement of visiting privileges "may only be considered upon written request from the *offender*."⁴¹ However, Secretary LeBlanc goes too far where he argues that, because "the plaintiff is a visitor, not the inmate, [she] thus has no grounds to bring a suit regarding the resolution of the restriction placed upon her visiting privileges."⁴² This argument improperly conflates constitutional standing doctrine with the procedural requirements of the Department Regulations. Although Nelson is not the proper party to initiate an appeal of the suspension of visiting rights pursuant to Department Regulation No. C-02-008, that

---

³⁹ *Roach v. Morse*, 440 F.3d 53, 57 (2d Cir.2006).
⁴⁰ *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, 141 F. Supp. 3d 604, 628–29 (M.D. La. 2015), aff'd sub nom. *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 837 F.3d 477 (5th Cir. 2016), opinion withdrawn and superseded, 862 F.3d 445 (5th Cir. 2017), and aff'd sub nom. *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445 (5th Cir. 2017) 141 F. Supp. 3d 604, 625 (M.D. La. 2015).
⁴¹ Rec. Doc. No. 26-4, p. 18 (emphasis added).
⁴² Rec. Doc. No. 26-1, p. 7.
53087

does not compel the conclusion that she lacks standing to allege a constitutional violation related to the events she alleges occurred during her attempted visitation at LSP.

The "irreducible [constitutional] minimum" of standing contains three elements: "(1) an injury-in-fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical," that is (2) fairly traceable to the defendant's allegedly unlawful conduct" and that is (3) likely to be redressed by the requested relief.[43] Secretary LeBlanc does not argue that Nelson has not suffered an actual injury-in-fact. Instead, Secretary LeBlanc's extremely brief argument gestures at the third prong of standing doctrine, namely, the requirement that the alleged injury is likely to be redressed by the requested relief.

The Supreme Court has held that "where a plaintiff's complaint alleges a continuing violation or the imminence of a future violation, a prayer for injunctive relief satisfies redressability."[44] Nelson has alleged such a continuing violation. She asserts that she "was restricted from visiting"[45] and that she "had been removed from the approved visiting list . . . for a period of six (6) months."[46] That restriction was imposed on September 11, 2017.[47] Moreover, Nelson alleges that the letter from Deputy Warden Dupont "did not guarantee that [her] ability to visit offender Lenoir would be reinstated after the six (6) month period."[48] This suit was filed on March 13, 2018,[49] seeking, *inter alia*, reinstatement of Nelson's visiting privileges. At least as of the time of the filing of the *Complaint*, then,

---

[43] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).
[44] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 397 (5th Cir. 2015)(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108, 118 S.Ct. 1003, 1019, 140 L.Ed.2d 210 (1998)).
[45] Rec. Doc. No. 9-2, p. 4.
[46] Rec. Doc. No. 9-2, p. 3.
[47] Rec. Doc. No. 9-2, p. 3.
[48] Rec. Doc. No. 9-2, p. 3.
[49] Rec. Doc. No. 1.
53087

the alleged injury remained ongoing. Therefore, it is clear that a favorable decision from this Court could redress Nelson's alleged injuries. Accordingly, the *Motion to Dismiss* is DENIED with respect to standing. However, the Court cannot determine whether Nelson's privileges have been restored in the intervening time, and if so, whether Nelson's claim is now moot for standing purposes. The Court *infra* grants Nelson leave to file a *Second Amended Complaint*; that amendment should plead additional facts in support of Nelson's standing.

### C. Nelson's Failure to State a Claim Under § 1983

Having found that it has jurisdiction over Nelson's claims, this Court nevertheless also finds that all of Nelson's claims against Secretary LeBlanc should be dismissed under Rule 12(b)(6) for failure to state a claim. To successfully allege constitutional violations in a § 1983 claim, the Fifth Circuit has held that a plaintiff "must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims."[50] In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights.[51] Overall, "[p]ersonal involvement is an essential element of a civil rights cause of action."[52] "Under section 1983, supervisory officials are not liable for the actions of

---

[50] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (internal citations omitted).
[51] *Archie v. LeBlanc*, No. CV08-CV-1381, 2010 WL 3522296, at *4 (W.D. La. July 28, 2010), report and recommendation adopted, No. 08-CV-1381, 2010 WL 3522293 (W.D. La. Sept. 2, 2010), aff'd, 447 F. App'x 591 (5th Cir. 2011) (citing *Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir.1981). Also, *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986)).
[52] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1 983).
53087

subordinates on any theory of vicarious liability."[53] A supervisory official may be held liable under section 1983 only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."[54]

Plaintiff avers that LeBlanc is the "Secretary of the Department of Public Safety & Corrections responsible for depriving Ms. Nelson of her rights."[55] This statement is a legal conclusion. The only other allegation in the *Complaint* that mentions Secretary LeBlanc is the allegation that "Leslie Dupont, Deputy Warden of Security, then sent a letter on behalf of Secretary LeBlanc . . . informing them that they had been removed from the approved visiting list."[56] But the letter that Nelson cites is merely printed on Department stationery that includes Secretary LeBlanc in the heading; the only mention of Secretary LeBlanc in the body of the letter is a statement that the decision can be addressed by written correspondence, to be directed to the Secretary.[57] The mere mention of Secretary LeBlanc in the letter informing Nelson of the visiting restriction does not rise to the level of alleging personal involvement in the acts that caused the alleged constitutional deprivation.

In her *Opposition to the Motion to Dismiss*, Nelson also argues that Secretary LeBlanc is subject to supervisory liability for implementing unconstitutional policies. It is true that as the head of the Louisiana Department of Public Safety & Corrections, Secretary LeBlanc is a "supervisory official" under the doctrine. As discussed above, a

---

[53] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).
[54] *Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 435 (5th Cir. 2008).
[55] Rec. Doc. No. 9-2, p. 2.
[56] Rec. Doc. No. 9-2, p. 3.
[57] Rec. Doc. No. 26-2, p. 1.
53087

supervisory official can be liable in his individual capacity under § 1983 if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."[58]

The Fifth Circuit has held that "[s]upervisory liability may also exist without overt personal participation in the offensive act if the supervisory official 'implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'"[59] Moreover, this Court has previously held that allegations of "'tacit approval of, acquiescence in, or purposeful disregard of, rights-violating conduct' will defeat a motion to dismiss predicated on Rule 12(b)(6)."[60] However, such allegations must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[61] Nelson's *Complaint* contains no such content. It is not sufficient to offer in a brief the legal conclusion that LeBlanc "is responsible for making the policies and procedures Deputy Warden Leslie Dupont follows,"[62] especially when the *Complaint* does not allege which policy, specifically, is at issue, or that the policy is itself unconstitutional. Likewise, Nelson's conclusory argument in her brief that "the actions of Secretary LeBlanc's subordinates in carrying out such policies directly implicate him and create liability for him"[63] does not state a claim for supervisory liability under § 1983. Accordingly, the *Motion to Dismiss* shall be granted, and Nelson's claims against Secretary LeBlanc dismissed without

---

[58] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir.2008).
[59] *Walker v. Nunn*, 456 F. App'x 419, 424 (5th Cir. 2011), citing *Thompkins*, 828 F.2d at 304 (internal quotation marks and citation omitted).
[60] *Cleveland v. Gautreaux*, 198 F.Supp.3d 717, 739 (M.D. La. 2016).
[61] *Iqbal*, 556 U.S. 662 (2009).
[62] Rec. Doc. No. 30, p. 6.
[63] Rec. Doc. No. 30, p. 6.
53087

prejudice. The Court does not reach the issue of qualified immunity, which was raised as a defense by Secretary LeBlanc. However, to the extend Nelson continues this litigation by availing herself of the leave to amend granted by the Court below, she is hereby ordered to file a response to the qualified immunity issue pursuant to Federal Rule of Civil Procedure 7(a).

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) applies to determine whether leave to amend the *Complaint* should be granted or denied. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[64] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment ...."[65] Although Nelson already filed a *First Amended Complaint*, she has not had an opportunity to amend with respect to her claims against Secretary LeBlanc. Finding no evidence of delay or bad faith, the Court concludes that Nelson shall have leave to file amend her *Complaint* once more to correct the deficiencies raised in this Court's *Ruling*.

---

[64] See, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments ... evinces a bias in favor of granting leave to amend").
[65] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

### III. CONCLUSION

For the reasons set forth above, Secretary LeBlanc's *Motion to Dismiss*[66] is granted and the claims against him dismissed without prejudice. Plaintiff Donald Nelson shall file a Second Amended Complaint, if any, within 30 days of this Court's *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 16, 2019.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[66] Rec. Doc. No. 26.
53087