IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD NELSON | * | CIVIL ACTION NO. 18-282 |
|       Plaintiff, | * | |
| VS. | * | JUDGE SHELLY D. DICK |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | * | MAGISTRATE JUDGE ERIN WILDER-DOOMES |
|       Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**JOINT STATUS REPORT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Donald Nelson, who submits the following Status Report pursuant to the Court's text entry Order dated October 23, 2019:

**A.  JURISDICTION**

What is the basis for the jurisdiction of the Court?

1. Plaintiff asserts that Defendants violated Plaintiff's rights under 42 U.S.C. § 1983, accordingly, there would be federal questions jurisdiction under 28 U.S.C. § 1331.

**B.  BRIEF EXPLANATION OF THE CASE**

1. **Plaintiff claims:** Plaintiff alleges that by restricting her ability to visit offender Timothy Lenoir No. 298168 in the Louisiana State Penitentiary, Defendants have violated 42 U.S.C. § 1983 because that restriction does not have a reasonable relationship to a legitimate penological goal. Plaintiff further alleges that this restriction is solely based on her refusal to consent to an unreasonable

       strip search and that Defendants violated Department Regulation Number C-02-008 stating that "there shall be no discriminating in visiting. All visitors and offenders shall be provided equal opportunities in visiting in accordance with the offender's security classification and housing assignment. Visitors shall be treated with courtesy at all times and shall not be subjected to unnecessary delay or inconvenience in accomplishing a visit."

2. **Defendant claims:** Defendant states that at no point were plaintiff's constitutional rights violated, nor was there a violation of C-02-008. Plaintiff refused to submit to a search before being allowed entry into a maximum security prison with a commonly known contraband problem, plaintiff was never forced to undergo a nonconsensual search, and defendant acted appropriately in temporarily suspending plaintiff's visitation privileges in furtherance of a legitimate penological goal. Additionally, Defendant states that plaintiff's claims for injunctive relief are moot, as her visitation privileges were restored in December 2018.

## C. PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s):

1. **Plaintiff:**

    A. None

2. **Defendant:**

    A. None

## D. ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are

in dispute:

**Plaintiff:**

1. Whether Defendants' deprived Plaintiff of the right to visit the Louisiana State Penitentiary and unreasonably insisted upon strip searching her in violation of 42 U.S.C. § 1983.

**Defendant:**

1. Whether the court has subject matter jurisdiction over plaintiff's claims;

2. Whether defendants are entitled to qualified immunity;

3. Whether plaintiff's claims are moot.

E. **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. **Plaintiff's calculation of damages:** Plaintiff seeks an injunction, including but not limited to an order lifting the restriction preventing her from visiting Offender Timothy Lenoir No. 298168 and restraining Defendants from engaging in further discriminatory conduct, as well as attorney's fees and costs.

F. **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

1. None at this time.

G. **DISCOVERY**

1. Initial Disclosures:

  A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [ x ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

  B. Do any parties object to initial disclosures?

[ ] YES [ x ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress: By plaintiff(s): no discovery has been completed or is in progress.

**Defendants:** No discovery has been completed.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

  The parties do not see the need for a protective order or discovery limitations.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): An expert regarding security screening may be offered.

**Defendants:** Defendants do not anticipate the need for an expert at this

time.

**H.    PROPOSED SCHEDULING ORDER**

1. Exchanging initial disclosures, please provide that proposed deadline:

    Plaintiff: December 11, 2019.

2. Recommended deadlines to join other parties or to amend the pleadings:

    Plaintiff: January 13, 2020.

3. Filing all discovery motions and completing all discovery except experts:

    Plaintiff: May 11, 2020.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): February 11, 2020

5. Exchange of expert reports:

    Plaintiff(s): April 10, 2020

6. Completion of discovery from experts: June 10, 2020.

7. Filing dispositive motions and Daubert motions: August 7, 2020.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file responses to motions in limine (approximately 22-24

weeks after dispositive motion deadline).

    d.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    f.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    g.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.**    **TRIAL**

1.    Has a demand for trial by jury been made?

    [ x ] YES    [ ] NO

2.    Estimate the number of days that trial will require.

    The trial will take approximately three days.

**J.**    **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

    [ ] YES    [ x ] NO

    i.    If the answer is *yes*, please explain:

    **ii.**    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the

deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES    [ x ] NO

**K.    SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    The parties have not yet discussed settlement.

2. Do the parties wish to have a settlement conference:

[ x ] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

Once discovery has been completed.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this

court: [ ] YES    [ x ] NO

Report dated: November 29, 2019

RESPECTFULLY SUBMITTED,

*/s/ Galen M. Hair*
Galen M. Hair, T.A., LSBA No. 32865
**SCOTT, VICKNAIR,**
**HAIR & CHECKI, LLC**
909 Poydras, Suite 1100
New Orleans, LA 70112
T: (504) 684-5200
F: (504) 613-6351

*and*

Joshua L. Holmes, LSBA No. 32162
CrescentCare Legal Services
2601 Tulane Avenue, Suite 630
New Orleans, LA 70119
T: (504) 568-1631
F: (504) 301-1357
*Attorneys for Plaintiff*

*/s/ Jonathan R. Vining*

**JONATHAN R. VINING (#30781)**
General Counsel
LA Department of Public Safety & Corrections
P.O. Box 94304, Capitol Station
Baton Rouge, La. 70804-9304
Telephone:     (225) 342-6728
Facsimile:      (225) 342-3278
Email: jvining@corrections.state.la.us
*Attorney for Defendants*