UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD NELSON | CIVIL ACTION |
| VERSUS | 18-282-SDD-SDJ |
| SECRETARY JAMES M. LEBLANC AND OFFICERS JOHN AND JANE DOES 1-10, *et al.* | |

## RULING

Before the Court is the *Motion to Dismiss as Moot and Failure to State a Claim*[1] filed by Defendant James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("Secretary LeBlanc"). Plaintiff, Donald "China" Nelson ("Nelson") filed an *Opposition*.[2] For the reasons that follow, the *Motion* shall be GRANTED.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[3]

On September 10, 2017, Plaintiff China Nelson traveled to the Louisiana State Penitentiary ("LSP") to visit her incarcerated brother, Timothy Lenoir.[4] Nelson alleges that she has been on the approved visitor list at LSP for about fourteen years. On that particular day, she was accompanied by her mother and brother. Visitors to LSP are required to walk through a SecurePass body scanning system as part of the security screening upon entrance. Nelson alleges that she walked through the machine as instructed, but that she "was stopped from proceeding into the Penitentiary because the

---

[1] Rec. Doc. No. 56.
[2] Rec. Doc. No. 60-1.
[3] The below factual background was previously presented in this Court's *Ruling* on the first *Motion to Dismiss*, Rec. Doc. No. 40.
[4] China Nelson is a transgender woman (*See* Rec. Doc. No. 41, p. 1, ¶ 4); the Court will use she/her pronouns when referring to her throughout this *Ruling*.
63359

SecurePass machine allegedly detected an 'unknown object' in her pants."[5] In an attempt to explain the nature of the "unknown object," Nelson allegedly told the LSP personnel that "she was born a male as indicated on her driver's license."[6] Two guards then allegedly escorted her to a men's restroom and instructed her to remove her pants and underwear. She refused and asked to leave the premises. At that point, a supervisor was called and reiterated the request for Nelson to remove her pants and underwear. Nelson again refused, proceeding back to her car. She alleges that "the supervisor and approximately nine other unknown guards" followed her there and "demanded that [she] would have to reveal her genitalia before being permitted to leave the premises."[7] Nelson allowed the prison personnel to search her car but again, refused to remove her pants and underwear. When her mother and brother arrived at the car, "the party was subsequently informed that all of their visitations would be cancelled for that day."[8] The next day, September 11, 2017, Nelson received a letter from the Deputy Warden of Security at LSP, informing her that she "had been removed from the approved visiting list of offender Lenoir for a period of six (6) months."[9]

Nelson brings this action pursuant to 42 U.S.C. § 1983, alleging that the above-described actions amounted to a violation of her Fourth Amendment right "to be secure in her person from unreasonable search and seizures."[10] Nelson's original *Complaint* named as a Defendant the Louisiana Department of Public Safety & Corrections.[11] After

---

[5] Rec. Doc. No. 9-2, p. 2.
[6] *Id.*
[7] Rec. Doc. No. 9-2, p. 3.
[8] *Id.*
[9] *Id.*
[10] Rec. Doc. No. 9-2, p. 5.
[11] Rec. Doc. No. 1.
63359

the Department filed a *Motion to Dismiss*,[12] Nelson filed an *Amended Complaint* removing the Department as a Defendant and naming instead Secretary James M. LeBlanc. Secretary LeBlanc filed his own *Motion to Dismiss*, arguing that this Court lacked jurisdiction to hear Nelson's claims and/or that Nelson had failed to state a cognizable claim against him.[13] This Court granted his *Motion* in part and granted Nelson leave to file an *Amended Complaint*, which she did.[14] Now, Secretary LeBlanc urges the instant *Motion*, arguing that (1) "Plaintiff's request for relief is now clearly moot" and (2) Plaintiff "has again failed to show any personal involvement on behalf of defendant LeBlanc."[15] After reviewing the *Amended Complaint* and the parties' briefs, the Court disagrees that the request for relief is moot, but nevertheless finds that Nelson's claims against Secretary LeBlanc should be dismissed for failure to show his personal involvement in, or deliberate indifference to, the alleged deprivation of her rights.

## II.    LAW AND ANALYSIS

### A.  Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

#### 1. Rule 12(b)(1)

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[16]  If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "'the court should dismiss only on the

---

[12] Rec. Doc. No. 7.
[13] Rec. Doc. No. 26, p. 1.
[14] Rec. Doc. No. 41.
[15] Rec. Doc. No. 56, p. 1-2.
[16] *Crenshaw–Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011)(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); s*ee also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir.2011); Fed. R .Civ. P. 12(h)(3)).
63359

jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6).'"[17] The reason for this rule is to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'"[18]

Mootness is a jurisdictional matter.[19] "A claim is moot when a case or controversy no longer exists between the parties."[20] Mootness "can arise in one of two ways: First, a controversy can become moot 'when the issues presented are no longer 'live.' A controversy can also become moot when 'the parties lack a legally cognizable interest in the outcome."[21] When a defendant's voluntary cessation of conduct arguably moots a plaintiff's claim, the defendant bears the "heavy burden" to make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."[22]

2. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] "To

---

[17] *Crenshaw–Logal*, 436 Fed.Appx. at 308 (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).
[18] *Id.* (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and *Ramming*, 281 F.3d at 161).
[19] *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) ("Mootness is a jurisdictional matter which can be raised for the first time on appeal.").
[20] *Id.* at 345 (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)).
[21] *Chevron U.S.A. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993) (cleaned up).
[22] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
63359

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[27] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[29] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[30] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[31]

---

[25] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[28] *Twombly*, 550 U.S. at 570.
[29] *Iqbal*, 556 U.S. at 678.
[30] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[31] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

63359

**B. Whether Nelson's Claim for Relief is Moot**

LeBlanc contends that this matter is moot because Nelson's "sole requested relief – at least as LeBlanc is able to understand it – is reinstatement of her visiting privileges at Louisiana State Penitentiary,"[32] and those privileges were already restored by Deputy Warden Joseph Lamartiniere on December 6, 2018.[33] Also, LeBlanc notes, Department of Corrections Regulation C-02-008, which was in effect at the time of the events giving rise to this suit, "no longer exists."[34] LeBlanc cites the recent Fifth Circuit case *Spell v. Edwards*[35] for the proposition that a case challenging a law becomes moot when the challenged law expires or is repealed. This does not present the case of a repealed or expired law. Here, Secretary LeBlanc relies upon an amended agency regulation as the basis for his mootness argument.

Nelson denies that her sole requested relief is reinstatement of visiting privileges, since "[s]he is seeking actual damages and attorney's fees."[36] Therefore, she argues, her claim is not moot because "effectual relief can still be granted,"[37] which ensures the existence of a live controversy between the parties. As for the argument that her suit is moot because the challenged regulation no longer exists, Nelson avers that the regulation was only repealed after her suit was filed, and "Defendants have failed to satisfy their burden to show that this unlawful conduct will not be expected to reoccur."[38] Nelson distinguishes *Spell v. Edwards* on the basis that the challenged order in that case expired

---

[32] Rec. Doc. No. 56-1, p. 3.
[33] *Id.*
[34] *Id.* at p. 4.
[35] 962 F.3d 175 (5th Cir. 2020).
[36] Rec. Doc. No. 60-1, p. 5.
[37] *Id.*
[38] *Id.*

63359

on its own while the action was pending, whereas here, the termination of the regulation was "a response to litigation."[39]

Overall, the Court agrees with Nelson. In the *Second Amended Petition*, Nelson clearly prays for "punitive damages,"[40] as well as "attorney's fees and costs,"[41] in addition to the injunctive relief that LeBlanc argues was mooted by the change in Department policy.[42] On that point, the Court finds that LeBlanc has not clearly shown that the repeal of C-02-008 necessarily means that the events alleged by Nelson will not recur. Precedent clearly dictates that "[a] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."[43] LeBlanc makes no such showing. He simply asserts that Nelson's claim is moot because C-002-008 "has been superseded and replaced a different regulation [sic]."[44] LeBlanc does not allege the contents of the different regulation or explain why it will have the effect of preventing the allegedly wrongful behavior in the future. Although courts give public officials the benefit of the doubt to some extent in this situation by assuming that "formally announced changes to official governmental policy are not mere litigation posturing,"[45] it remains the case that "government defendants bear the burden—a modified, lighter burden, but a

---

[39] *Id.* at p. 4.
[40] Rec. Doc. No. 41, p. 5.
[41] *Id.* at p. 7.
[42] *See Opulent Life Church v. City of Holly Springs, Miss.,* 697 F.3d 279, 286 (5th Cir. 2012) (the fact that a plaintiff "seeks actual damages and attorney's fees . . .is enough to ensure that an actual live controversy exists between the parties").
[43] *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020) (quoting *Already, LLC*, 568 U.S. at 91).
[44] Rec. Doc. No. 56-1, p. 4.
[45] *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas,* 563 U.S. 277 (2011).
63359

burden nonetheless—to make it 'absolutely clear'"[46] that the challenged conduct will not reoccur. LeBlanc's cursory statement that the policy is gone, without more, does not provide a basis for the Court to conclude that it is "absolutely clear" that what happened to Nelson – namely, an alleged improper search and subsequent discriminatory denial of visitation privileges – will not happen again under similar circumstances. Therefore, the *Motion to Dismiss* is DENIED with respect to LeBlanc's mootness argument.

### C. Nelson's Failure to State a Claim Under § 1983

Having found that Nelson's claims are not moot, this Court nevertheless finds that her claims against Secretary LeBlanc should be dismissed under Rule 12(b)(6) for failure to state a claim. As an initial matter, the Court notes that, even after receiving leave to amend the *Complaint* twice,[47] Nelson does not clearly state whether she brings her claims against Secretary LeBlanc in his individual capacity or his official capacity. And, while some of her amended claims relate to policy, Nelson repeatedly conflates *Monell* liability based on deficient policy with supervisory liability; she alleges that LeBlanc is the policymaker[48] (suggesting *Monell*) but then argues that "[t]he actions of Secretary LeBlanc's subordinates in carrying out such policies directly implicate him and create liability for him" (suggesting supervisory liability). In any event, the Court finds that none of Nelson's theories of liability are pled with the sufficiency required to survive a motion to dismiss.

To successfully allege constitutional violations in a § 1983 claim, the Fifth Circuit has held that a plaintiff "must allege specific conduct giving rise to a constitutional

---

[46] *Kovac v. Wray*, 449 F. Supp. 3d 649, 654 (N.D. Tex. 2020).
[47] See Rec. Doc. No. 10; Rec. Doc. No. 40.
[48] Rec. Doc. No. 41, p. 5, ¶ 38.
63359

violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims."[49] In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights.[50] Overall, "[p]ersonal involvement is an essential element of a civil rights cause of action."[51] "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[52] A supervisory official may be held liable under Section 1983 only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."[53]

In her *Opposition* to the *Motion to Dismiss*, Nelson asserts that "Secretary LeBlanc has been adequately referenced in [the] Petition."[54] As the above citations make clear, merely *referencing* an individual is not sufficient to give rise to liability under Section 1983. In its previous *Ruling* in this case, the Court concluded that "[t]he mere mention of Secretary LeBlanc in the letter informing Nelson of the visiting restriction does not rise to the level of alleging personal involvement in the acts that caused the alleged constitutional

---

[49] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (internal citations omitted).
[50] *Archie v. LeBlanc*, No. CV08-CV-1381, 2010 WL 3522296, at *4 (W.D. La. July 28, 2010), report and recommendation adopted, No. 08-CV-1381, 2010 WL 3522293 (W.D. La. Sept. 2, 2010), aff'd, 447 F. App'x 591 (5th Cir. 2011) (citing *Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir.1981). Also, *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986)).
[51] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1 983).
[52] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).
[53] *Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 435 (5th Cir. 2008).
[54] Rec. Doc. No. 60-1, p. 5.
63359

deprivation."[55] Yet Nelson continues to argue that the letter demonstrates that Secretary LeBlanc "was involved."[56] The Court disagrees.

The only other basis for personal involvement argued by Nelson is the fact that LeBlanc "is responsible for making the policies and procedures" surrounding visitation privileges, and that the actions of his "subordinates in carrying out such policies directly implicate him and create liability for him."[57] The Court will revisit the applicable law, as it did in its previous *Ruling*. The Fifth Circuit has held that "[s]upervisory liability may also exist without overt personal participation in the offensive act if the supervisory official 'implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'"[58] This Court has previously held that allegations of "'tacit approval of, acquiescence in, or purposeful disregard of, rights-violating conduct' will defeat a motion to dismiss predicated on Rule 12(b)(6)."[59] However, such allegations must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[60] The Court explained in the previous *Ruling* as follows:

> It is not sufficient to offer in a brief the legal conclusion that LeBlanc "is responsible for making the policies and procedures Deputy Warden Leslie Dupont follows,"[61] especially when the *Complaint* does not allege which policy, specifically, is at issue, or that the policy is itself unconstitutional. Likewise, Nelson's conclusory argument in her brief that "the actions of Secretary LeBlanc's subordinates in carrying out such policies directly

---

[55] Rec. Doc. No. 40, p. 11.
[56] Rec. Doc. No. 60-1, p. 6.
[57] *Id.*
[58] *Walker v. Nunn*, 456 F. App'x 419, 424 (5th Cir. 2011), citing *Thompkins*, 828 F.2d at 304 (internal quotation marks and citation omitted).
[59] *Cleveland v. Gautreaux*, 198 F.Supp.3d 717, 739 (M.D. La. 2016).
[60] *Iqbal*, 556 U.S. 662 (2009).
[61] Rec. Doc. No. 30, p. 6.

63359

implicate him and create liability for him"[62] does not state a claim for supervisory liability under § 1983.

The *Second Amended Petition* adds the following allegation in an attempt to avoid the same result:

> 40. Secretary LeBlanc has failed to establish a proper policy for strip searches of transgender individuals in that there is no provision for such individuals in LAC 22:I.303; and the secretary has failed to address the nature of reasonable suspicion or probable cause in the case of transgender individuals and the SecurePass machine in LAC 22:I.303. The vagueness of this policy in relation to transgender individuals, which is the responsibility of the secretary, directly lead to the violation of Ms. Nelson's rights.[63]

This allegation provides more specificity as to the actual policy at issue, since it cites Louisiana Administrative Code Title 22:I.303, which governs searches of visitors to correctional facilities. However, the addition of this allegation also transforms the claim against LeBlanc into a claim for *failing* to establish a policy. A different standard applies to such claims: liability for failure to promulgate a policy requires that the defendant acted with deliberate indifference.[64] "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights."[65] "Deliberate indifference is a high standard—'a showing of simple or even heightened negligence will not suffice.'"[66] A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, the plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation

---

[62] Rec. Doc. No. 30, p. 6.
[63] Rec. Doc. No. 41, p. 6.
[64] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).
[65] *Id.* (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)).
[66] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010)(quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting *Brown*, 520 U.S. at 407, 117 S.Ct. 1382)).
63359

that occurred was a plainly obvious consequence of his decision.[67] Moreover, the plaintiff must allege "[a] pattern of similar constitutional violations . . . to demonstrate deliberate indifference,"[68] since without notice of the effects of failing to promulgate a policy, policymakers cannot be said to have deliberately chosen a policy scheme that will cause violations of constitutional rights.

On a motion to dismiss, the well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. In this case, there is an absence of pleaded facts necessary to state a claim. Surviving a motion to dismiss requires more than hinting at "a sheer possibility that a defendant has acted unlawfully."[69] Nelson does not plead any facts regarding Secretary LeBlanc's knowledge of the consequences of failing to adopt a policy, or any facts suggesting that the violation of her rights was an obvious consequence of that failure. Instead, she repeatedly states that LeBlanc's subordinates create liability for him by "carrying out such policies"[70] – while also alleging that liability arises out of the *failure* to establish a policy. Nor does Nelson allege a pattern or history of previous incidents caused by LeBlanc's alleged policy failures. Further, the Court notes that Nelson alleges that she has been visiting her brother at LSP for fourteen years, apparently without incident.[71] Based on that fact, it would require a stretch to assume that Secretary LeBlanc was aware that the alleged lack of a policy for transgender visitors would obviously lead to constitutional deprivations.

---

[67] *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 411 (1997).
[68] *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011)(discussing failure-to-train claims but noting that "logically," the same reasoning applies to "failure-to-promulgate-policy claims").
[69] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[70] Rec. Doc. No. 41, p. 6.
[71] *Id.* at p. 2.
63359

Overall, the Court finds that nothing more than a sheer possibility of liability is pled here. There are likely a wide variety of situations that are not, as of yet, explicitly addressed by correctional policies. Holding Secretary LeBlanc liable for failing to have a policy for searches of transgender visitors requires a showing of deliberate indifference which, based on the *Second Amended Complaint*, Nelson has not adequately alleged. Accordingly, the *Motion to Dismiss* shall be granted, and Nelson's claims against Secretary LeBlanc dismissed with prejudice.

### III.    CONCLUSION

For the reasons set forth above, Secretary LeBlanc's *Motion to Dismiss*[72] is granted and the claims against him dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 15, 2020</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[72] Rec. Doc. No. 26.

63359